```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,       )
                                )
               Plaintiff,       )
                                )           4:05CR3091
          v.                    )
                                )
THOMAS E. MILLER,               )
                                )             ORDER
               Defendant.       )
                                )
```

Upon arraignment of defendant on September 20, 2005 and the entry of a plea of not guilty,

IT IS ORDERED:

1. This case is exempted from the time strictures of the Speedy Trial Act, 18 U.S.C. 3161 et seq. upon the finding made in open court that the case appears to be extended, unusual, and complex. The ends of justice, more specifically defendant's interests in preparing for trial, particularly if he continues to represent himself, far outweigh the interests of the defendant and the public in a speedy trial. Failure to exempt this case from the Act would result in a gross miscarriage of justice. Counsel for the government and the defendant, whether he represents himself or is represented by counsel, will be required to move the case forward as reason permits. No trial date is set at this time.

2. Request therefor having been made by defendant during the arraignment proceedings, plaintiff shall disclose or produce, within thirty days of this date, the materials described in Fed. R. Civ. P. 16, in accordance with NECrimR 16.1 and 16.2. If defendant requests any materials other than those produced pursuant to the previous sentence, such request shall be made in writing, shall be served within five days after compliance with the first sentence of this paragraph, and shall set forth specifically what is being requested; the plaintiff shall respond to each such request within five days after it is served.

3. If after compliance with Rule 16 there is necessity for the filing of pretrial motions, they shall be filed within sixty (60) days of this date, and that time limit will not be extended by the court except for good cause shown. In this connection, the United States Attorney shall disclose Brady v. Maryland (and

its progeny) material as soon as practicable.  Should the defendant nonetheless file a motion for such disclosure, such motion shall state with specificity the material sought.  In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, as part of the motion the moving party shall recite that counsel or the movant has conferred with opposing counsel regarding the subject of the motion in an attempt to reach agreement on the contested matters without the involvement of the court and that such attempts have been unsuccessful.  The motion shall further state the dates and times of any such conferences.

    4.  If any pretrial motion is filed by either side, a supporting brief shall be simultaneously filed.  Opposing briefs shall be filed within five (5) working days thereafter. If the movant believes the motion will require an evidentiary hearing, request therefor may be included in the motion or, by a non-moving party, within five days after the filing of the motion.  If request for an evidentiary hearing has been made, a request for leave to submit a post-hearing brief may be filed either with the request or, by a non-moving party, within five days thereafter.  A request for post-hearing briefs shall set forth the specific reasons the requesting party cannot be expected to argue its position before the hearing.  Post-hearing briefs will not generally be permitted unless the facts are so complex as to require them, or the evidence adduced at the hearing is so different from that expected to be adduced that it triggers different law, the applicability of which could not have been anticipated by the parties before the hearing.

    5.  If plea negotiations are to be instituted, they shall be concluded and advice thereof given to the trial judge not less than one week prior to trial date.

    6.  Any original application, motion or voucher which is intended to be presented *ex parte* shall be delivered to the appropriate judicial officer (normally the Magistrate Judge), not to the Clerk of the Court, clearly captioned so as to disclose that the request is made *ex parte*, together with a supporting brief stating the basis for *ex parte* consideration.

    7.  Absent good cause shown, any application or motion for an order to produce the appearance of an incarcerated witness shall be made sufficiently in advance of the time needed for such witness' testimony so as to allow the United States Marshal at least twenty-one (21) days to arrange for such appearance.  Any *ex parte* application for the subpoena of a witness pursuant to

Fed. R. Civ. P. 17(b) and NECrimR 17.1 and 17.2 shall contain the showing required by said rules.

8.  Applications or vouchers pursuant to the Criminal Justice Act for authorization to hire third parties, to exceed the amounts set forth in the Criminal Justice Act, or for the expenditure of Criminal Justice Act funds shall be submitted on an appropriate CJA form available from the Clerk's Office and supported by information necessary for the court to make a decision pursuant to the Criminal Justice Act, particularly:

(a)  The name, address and telephone number of the person sought to be hired (if applicable);

(b)  A specific statement of the amount sought and the method for computing said amount;

(c)  A specific statement setting forth the factual and legal bases which support the request.

9.  The defendant shall be present at all pretrial arguments or hearings unless excused by the court, and if permission is sought to be absent, the defendant shall deliver to the court in advance an affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend such argument or hearing.

DATED this 21st day of September, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge